**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TENIKA SMITH,**

      **Plaintiff,**

**v.**                             **CASE NO.: 8:08-CV-1803-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

_____/

## ORDER

Before the court is Plaintiff's **Petition for Attorney Fees** (Dkt. 27), **Amended Petition for Attorney Fees** (Dkt. 29), and supporting documents.[1] Plaintiff requests that the court award her $4,037.08 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1998). Plaintiff seeks attorney's fees for 3.15 hours of work in 2008 at a rate of $165.00 per hour and 2.25 hours of work in 2009 at a rate of $169.51 per hour by attorney Michael Steinberg. Plaintiff further seeks attorney's fees for 18.5 hours of work in 2009 at a rate of $169.51 per hour by attorney Martin Cohen.[2]

Defendant has not filed a response to the motion and the deadline for doing so has elapsed.

---

[1] On January 8, 2010, the court directed Plaintiff to supplement her original motion with an affidavit from attorney Martin Cohen (Dkt. 28). On January 15, 2010, Plaintiff filed an amended motion for attorney's fees along with Mr. Cohen's affidavit (Dkt. 27). Plaintiff's amended motion is unnecessary and shall be denied as moot, however, Mr. Cohen's affidavit shall be considered in ruling on Plaintiff's original motion for attorney's fees.

[2] Although Mr. Cohen is not listed as one of Plaintiff's counsel, he is a member of the Florida Bar and has been employed by Michael Steinberg & Associates since September 1993 (Dkt. 29 Ex. 3). Mr. Cohen's work in this case was limited to legal research and writing performed under Mr. Steinberg's supervision (Id.).

See Local Rule 3.01(b), M.D. Fla. As will be discussed infra, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 & n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorneys' fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on September 28, 2009 (Dkt. 24) and Plaintiff's motion for attorneys' fees was filed on December 23, 2009. Accordingly, this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it

unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorney's fees.

Finally, Plaintiff requests that the fee award be paid directly to Plaintiff's attorney. The Eleventh Circuit has held that the EAJA statute unambiguously requires an attorney's fee award to be paid directly to the prevailing party and not to the party's attorney. Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008). However, in this case, Plaintiff has assigned the EAJA award to Plaintiff's counsel (Dkt. 27 Ex. 3). Further, Defendant does not oppose the assignment or otherwise oppose the payment of the fee award directly to Plaintiff's counsel in this case. Therefore, the fee award is payable directly to Plaintiff's counsel. See McCullough v. Astrue, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (finding Reeves does not prevent an assignment of fees).

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)    Plaintiff's **Petition for Attorney Fees** (Dkt. 27) is **GRANTED**;

(2)    Plaintiff is awarded $4,037.08 in attorney's fees, to be paid directly to Plaintiff's counsel Michael Steinberg; and

(3)    Plaintiff's **Amended Petition for Attorney Fees** (Dkt. 29) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Tampa, Florida this 9th day of February, 2010.

ELIZABETH A JENKINS
United States Magistrate Judge